[No. 301-3.    Division Three.    December 23, 1970.]

THE STATE OF WASHINGTON, *Petitioner*, v. ROBERT PETERSON, *Respondent.*

*Paul Klasen, Jr., Prosecuting Attorney,* for petitioner.
*C. E. Hormel,* for respondent.

PER CURIAM.—Defendant, Robert Peterson, was arrested without a warrant on August 20, 1970. Later the same day, the Grant County Sheriff's office obtained a warrant to search defendant's residence and appurtenant property for certain materials and devices usable in the commission of arson and the puncturing of truck tires. The search was made and alleged evidence discovered.

In October 1970, the Spokane County Superior Court, on defendant's motion, quashed the warrant. Whereupon, the state pursuant to CAROA 57 applied to this court for a writ of certiorari to review the trial court's action. After a show

cause hearing was held, the writ was issued in accordance with the rule established in *State v. Whitney,* 69 Wn.2d 256, 418 P.2d 143 (1966).

After hearing argument of counsel, and reviewing the complaint and supporting affidavit, as well as the applicable United States Supreme Court decisions, we are constrained to hold that the warrant was properly quashed.

▇▇▇ As stated in *Johnson v. United States,* 333 U.S. 10, 92 L. Ed. 436, 68 S. Ct. 367 (1948):

> The point of the Fourth Amendment, [as applicable to the states through the Fourteenth Amendment, *Ker v. California,* 374 U.S. 23, 10 L. Ed. 2d 726, 83 S. Ct. 1623 (1963)] which often is not grasped by zealous officers, is not that it denies law enforcement the support of the usual inferences which reasonable men draw from evidence. Its protection consists in requiring that those inferences be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime.

Although a supporting affidavit may be based upon hearsay, *Jones v. United States,* 362 U.S. 257, 4 L. Ed. 2d 697, 80 S. Ct. 725, 78 A.L.R.2d 233 (1960), the issuing magistrate must be informed of the source of the information contained therein and if it is from other than the affiant's personal knowledge, the affiant must also set forth some of the underlying facts and circumstances which led to the informant's conclusions that were passed along to the affiant, so that the credibility of the informant may be ascertained by the magistrate. *Aguilar v. Texas,* 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964); *Spinelli v. United States,* 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584 (1969). While the issuing magistrate may draw common sense inferences from the facts and circumstances contained in the affidavit, see *United States v. Ventresca,* 380 U.S. 102, 13 L. Ed. 2d 684, 85 S. Ct. 741 (1965), there must be a substantial factual basis for the ultimate conclusion that the items sought are probably located at the place to be searched. *State v. Walcott,* 72 Wn.2d 959, 435 P.2d 994 (1967); *Jones*

*v. United States, supra; Nathanson v. United States,* 290 U.S. 41, 78 L. Ed. 159, 54 S. Ct. 11 (1933).

The supporting affidavit of the deputy sheriff in the present case meets none of the standards established by the United States Supreme Court in the above cited cases.

The trial court's order is affirmed.