[No. 666-2.    Division Two.    December 20, 1972.]

THE STATE OF WASHINGTON, *Respondent*, v. WESTON D. WITHERS, *Appellant*.

*Morgan Collins*, for appellant.

*S. Brooke Taylor, Prosecuting Attorney*, and *Theodore E. Ripley, Deputy*, for respondent.

PETRIE, C.J.—Defendant, Weston D. Withers, appeals from a jury conviction of grand larceny by possession of stolen property.

In September, 1970, the freighter, *Don Jose Figueras,* lay disabled in Port Angeles harbor. The ship had taken on cargo in the Orient and was bound for California when it caught fire and was towed directly to Port Angeles. Shortly thereafter it was discovered that numerous items had been pilfered from the ship while anchored in the harbor. Defendant, a longshoreman on the Port Angeles docks, sold a large quantity of new sweaters, jackets, shirts, transistor radios and inflatable vinyl furniture to residents of the area, both at his home and from his car at the dock. Three residents who had made purchases from the defendant became suspicious and took their merchandise to the Clallam County Sheriff's Office. The serial numbers were checked against the ship's manifest and found to be among the pilfered items.

On October 5, 1970, Deputy Sheriff Robert McDonald obtained a search warrant for the house and automobiles owned by the defendant and located at 508 South Cedar in Port Angeles. The warrant was based upon two affidavits signed by McDonald, stating that written statements from three parties who had purchased merchandise from Withers had been obtained, and the merchandise had been identified as being stolen from the *Don Jose Figueras.*[1] The warrant itself authorized police officers to search for, and seize, "merchandise from disabled ship Don Jose."

On the evening of October 5, 1970, three police officers

---

[1]One of the affidavits (exhibit A) read as follows: "I, Robert P. McDonald, have in addition to the Affidavit for Search Warrant, written statements from three (3) parties who have purchased merchandise from Weston D. Withers.

"This merchandise has been identified by the captain of the salvage tug doing the salvage work of the transport DON JOSE. The DON JOSE was previously anchored within the limits of the Port Angeles harbor.

"Identification was further confirmed as being stolen from HOLD # 2 of the transport DON JOSE by agent Bonner of Lloyds of London.

" /s/ Robert P. McDonald."

went to the South Cedar address, searched the premises, and seized approximately 75 new items of Oriental manufacture.

In his first assignment of error, defendant contends the trial court erred in failing to quash the search warrant and suppress evidence seized thereunder. He bases this contention on two separate grounds: (1) The supporting affidavits were insufficient to establish probable cause for issuance of a search warrant. (2) The search warrant does not, with sufficient particularity, describe the items to be seized.

With regard to the sufficiency of the supporting affidavits, it is well established that affidavits of probable cause are tested by much less vigorous standards than those which govern the admissibility of evidence at trial, and the determination by a magistrate that probable cause exists should be given great weight by a reviewing court. *Spinelli v. United States*, 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584 (1969); *Tacoma v. Mundell*, 6 Wn. App. 673, 495 P.2d 682 (1972).

In determining the sufficiency of an affidavit, we must determine whether or not the affidavit was sufficiently comprehensive to provide the issuing magistrate with a factual basis from which he could independently conclude there was probable cause to believe the items sought were at the location to be searched. *United States v. Harris*, 403 U.S. 573, 29 L. Ed. 2d 723, 91 S. Ct. 2075 (1971); *State v. Portrey*, 6 Wn. App. 380, 492 P.2d 1050 (1972).

The affidavits in this case clearly met this test. The affiant stated that he had received written statements from three parties who had purchased merchandise from the defendant. In addition, this merchandise had been identified by the captain of the salvage tug doing work on the vessel, as well as an agent of the insurance carrier who confirmed the goods as being among those missing from the *Don Jose*. The affiant further stated that the goods in question were believed to be concealed "in or about the house of Weston D. Withers, 508 S. Cedar St., Port Angeles, Washington." This much of the affidavit is enough to establish a

probable cause. *State v. Walcott,* 72 Wn.2d 959, 435 P.2d 994 (1967); *State v. Peterson,* 3 Wn. App. 946, 478 P.2d 745 (1970).

Defendant next contends that even if the affidavits established probable cause, the search warrant itself is defective because it does not describe with sufficient particularity the items to be seized, and therefore violates his rights under the fourth amendment to the United States Constitution.

The search warrant authorized the seizure of "merchandise from disabled ship Don Jose." The question confronting us, then, is whether or not this description contains the requisite specificity to conform to federal and state constitutional standards.

No Washington cases have been found dealing with the particularity with which a warrant must describe property to be seized. We, therefore, must draw upon the decisions of other jurisdictions in resolving this question and upon our own common sense.

Initially we note that the requirement of "particularity" is governed by the rules of practicality, necessity and common sense. In *United States v. Ventresca,* 380 U.S. 102, 108, 13 L. Ed. 2d 684, 85 S. Ct. 741 (1965) the court upheld the sufficiency of an affidavit for a search warrant, stating in part:

> Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting.

Constitutional requirements of "particularity" are met if the property is described with "reasonable particularity." *People v. Tenney,* 25 Cal. App. 3d 16, 101 Cal. Rptr. 419 (1972); *People v. Schmidt,* 172 Colo. 285, 473 P.2d 698 (1970); *North v. State,* 159 Fla. 854, 32 So. 2d 915 (1947). And "reasonable particularity" will necessarily vary with the circumstances of each case. *See* 47 Am. Jur. *Searches and Seizures* § 37 (1943). Thus, if the purpose of a search is

to find a specific item of property, it should be described in the warrant with sufficient particularity to preclude an officer from seizing the wrong property. On the other hand, if the purpose of a search is to seize any property of a specified character, a particularized description is unnecessary and often impossible. In this case, a general description as to character, place, and circumstances is all that can be reasonably expected.

Measuring the sufficiency of the warrant in the present case by the foregoing tests, we find that it is not so deficient in particularity as to render it invalid under either the United States Constitution or the constitution of this state. The vessel *Don Jose* had been severely damaged by fire prior to its arrival in Port Angeles harbor. Some of the storage areas on the ship had been totally destroyed by fire, and others were sealed off and filled with $CO_2$ gas to prevent further fire damage. Under the circumstances, an accurate inventory of the ship's remaining cargo was impossible. These facts, together with the fact that the vessel carried a wide variety of tools, toys, furniture and clothing, made it impractical to describe the items in the search warrant as anything but "merchandise from disabled ship Don Jose." We find the description of the property to be seized in the present case, given the nature and character of the property and the surrounding circumstances, met the specificity requirements. The trial court correctly denied defendant's motions to quash and suppress evidence.

Defendant next assigns error to the admission by the trial court of certain exhibits not clearly connected with the *Don Jose Figueras* or the defendant. He argues that 34 of the state's 53 exhibits were not identified as being stolen from the vessel, but only as being in the same category as the stolen items. He claims the cumulative effect of these erroneous admissions was highly prejudicial and constituted an abuse of the trial court's discretion. We cannot agree.

Michael Probert, a marine surveyor who inventoried the cargo of the *Don Jose Figueras* and discovered the pilfer-

age, was able to trace various articles purchased from the defendant to the vessel by referring to brand names and serial numbers. Articles with no identifying markings, but which were of the same kind as those positively identified, were admitted into evidence. Any evidence not so connected with the pilfered cargo was withdrawn by the state.

The identity of exhibits may be established, even if they have no earmarks to identify them, where articles similar in make, brand, character, and appearance, have been admitted into evidence, and where these admitted items are clearly linked to the possession of the accused. *State v. Helms,* 77 Wn.2d 89, 459 P.2d 392 (1969). There was sufficient identification of the exhibits to sustain the trial court's order admitting them into evidence. The quality of the identification goes to the weight, not the admissibility, of these exhibits. *State v. Morgan,* 3 Wn. App. 470, 475 P.2d 923 (1970).

Defendant next contends the state failed to prove an essential element of the crime of grand larceny—that he knew or should have known the property he possessed had been stolen.

Mere possession of stolen property is not sufficient, standing alone, to create a presumption of larceny. Possession is, however, a circumstance which may be considered with all other facts as bearing upon the guilt or innocence of the accused. *State v. Hatch,* 4 Wn. App. 691, 483 P.2d 864 (1971); *State v. Tollett,* 71 Wn.2d 806, 431 P.2d 168 (1967). And it is well established that when a person is found in possession of recently stolen property, slight corroborative evidence of other inculpatory circumstances tending to show his guilt will support a conviction. *State v. Portee,* 25 Wn.2d 246, 170 P.2d 326 (1946); *State v. Douglas,* 71 Wn.2d 303, 428 P.2d 535 (1967); *State v. Hatch, supra.*

Possession here is coupled with the fact that the defendant was a longshoreman employed in the Port Angeles dock area while the *Don Jose Figueras* was anchored there. There is testimony by a Mrs. Swanson that she purchased a

huge box of new clothing from the defendant, all on credit. Mr. Vern Charles testified that he purchased $70 worth of goods for $38 from the defendant at the dock.

We believe there was ample evidence in this case to support a finding of guilty. The challenge to the sufficiency of the evidence was properly denied.

Finally, defendant claims the trial court abused its discretion in failing to grant probation. Probation is not a right, but a privilege, the granting or denial of which rests in the sound discretion of the trial court. *State v. Forbes,* 74 Wn.2d 420, 445 P.2d 204 (1968); *see* RCW 9.95.200. Appellate courts, however, have the authority to review the imposition of a sentence to determine if discretion has been abused. *State v. Birdwell,* 6 Wn. App. 284, 492 P.2d 249 (1972); *State v. Derefield,* 5 Wn. App. 798, 491 P.2d 694 (1971).

From our review of the record, we are satisfied that the trial court did not abuse its discretion in denying probation to the defendant.

Judgment affirmed.

PEARSON and ARMSTRONG, JJ., concur.

Petition for rehearing denied January 29, 1973.