[No. 43866.    En Banc.    November 13, 1975.]

THE STATE OF WASHINGTON, *Respondent*, v. ALICIA M. HELMKA, ET AL, *Appellants*.

*John A. Barlow* (of *Walstead, Mertsching, Husemoen, Donaldson & Barlow*), for appellants.

*Henry R. Dunn, Prosecuting Attorney*, and *Kenneth L. Cowsert, Deputy*, for respondent.

BRACHTENBACH, J.—Defendants were convicted of possession of a controlled substance, amphetamines, in violation of RCW 69.50.401 (c).

They appeal from an order denying suppression of the amphetamines which were seized in the execution of a search warrant. We affirm.

The factual background leading to the application for a search warrant is that marijuana plants were observed growing in an apartment window on three separate occasions by three Longview police officers. The next day a complaint and affidavit for a search warrant was presented

to a district court judge. The affidavit contained the following: (1) it named the officers and their familiarity with marijuana plants; (2) the date of observation; (3) the address of the apartment; (4) the belief that the observed objects were in fact marijuana plants and (5) the affiants' conclusion that marijuana was being used, kept, sold or otherwise disposed of at that address. The magistrate issued a warrant to search for *marijuana.*

In executing the warrant the officers seized the observed plants, and thereafter continued to search the apartment for marijuana. In the course of that search the officers discovered the amphetamines.

If the warrant validly authorized a search for marijuana, rather than just the plants, the officers properly seized the amphetamines because they could lawfully seize contraband discovered while searching within the scope of a valid warrant. *Coolidge v. New Hampshire,* 403 U.S. 443, 29 L. Ed. 2d 564, 91 S. Ct. 2022 (1971); *State v. Murray,* 84 Wn.2d 527, 527 P.2d 1303 (1974).

The defendants concede that there was probable cause to issue a search warrant to seize the observed marijuana plants, but contend that the affidavit contained no facts showing anything about marijuana other than the plants. Therefore, they conclude, the warrant had to be limited to the observed plants. This is too narrow a view of the supporting affidavit. The purpose of a supporting affidavit is to provide the magistrate with facts and circumstances from which he may determine whether there is probable cause to issue the warrant. *State v. Patterson,* 83 Wn.2d 49, 515 P.2d 496 (1973). Probable cause cannot be made out by conclusory affidavits. Here the affidavit contained a statement of the affiants' belief that marijuana was on the premises. That alone would be insufficient. But the affidavit became sufficient when it stated the factual, underlying circumstances upon which the belief was premised. This is the clear teaching of *United States v. Ventresca,* 380 U.S. 102, 13 L. Ed. 2d 684, 85 S. Ct. 741 (1965).

In performing his independent, detached function, the magistrate is to operate in a commonsense and realistic fashion. He is entitled to draw commonsense and reasonable inferences from the facts and circumstances set forth. *Irby v. United States*, 314 F.2d 251 (D.C. Cir. 1963); *State v. Peterson*, 3 Wn. App. 946, 478 P.2d 745 (1970).

We conclude that from the fact that there were growing marijuana plants, the magistrate could reasonably infer that additional plants or processed marijuana might be present on the premises. It seems reasonable to infer that persons who grow illegal marijuana plants do so for a purpose other than the pursuit of an interest in horticulture. Support for our position is found in *People v. McGill*, ............ Colo. ............, 528 P.2d 386 (1974), a case strikingly similar on the facts.

When the magistrate has determined that probable cause exists, we should and do give considerable weight to that conclusion. The reviewing court should not engage in a hypertechnical examination of the affidavit. The United States Supreme Court has said:

> [W]hen a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner. Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants.

*United States v. Ventresca, supra* at 109.

We do emphasize, however, that search warrant cases largely must be determined and evaluated on a case by case basis. The general rules must be applied to specific factual settings. We caution that the facts stated, the inferences to be drawn, and the specificity required must fall within the ambit of reasonableness, all to the end that we never authorize general, exploratory searches.

The order of the trial court denying suppression is affirmed.

STAFFORD, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, WRIGHT, UTTER, and HOROWITZ, JJ., concur.