[No. 3941-2-III.   Division Three.   June 25, 1981.]

THE STATE OF WASHINGTON, *Appellant*, v. CARLA
JO LARSON, *Respondent*.

*John M. Lyden, Prosecuting Attorney,* and *Linford*

*Smith, Deputy,* for appellant.

*Robert B. Henderson* and *Anderson, Evans, Crane, Lackie & Henderson,* for respondent.

GREEN, J.—Defendant, Carla Larson, was charged with possession and delivery of a controlled substance. She moved to suppress the evidence seized from her residence upon the ground (1) there was an insufficient showing of probable cause for the issuance of the search warrant; and (2) the search warrant issued was on a form of the Clarkston Police Court and could not confer authority upon the sheriff to search defendant's residence which was located outside the City of Clarkston. The trial court ruled there was sufficient showing of probable cause for the issuance of the warrant, but suppressed the evidence because the jurisdiction of the police court did not extend outside the city limits. The State appeals and defendant cross–appeals with respect to the court's finding of probable cause.

First, we find an inadequate showing of probable cause and affirm the suppression upon that ground. A trial court can be affirmed upon any theory. *Frontier Lanes v. Canadian Indem. Co.,* 26 Wn. App. 342, 346, 613 P.2d 166 (1980). The affidavit submitted by the peace officer to support the issuance of the warrant stated:

> That affiant is a peace officer for the State of Idaho.
> That in support of said Application for Search Warrant, has information from a reliable informant that marijuana is being sold out of a residence at 1740 Reservoir Road, Clarkston, Asotin County, Washington, that said informant has bought marijuana several times recently and further one Greg Morton was seen leaving said house and was arrested with marijuana in his possession. Asotin County Sheriff Herb Reeves observed Greg Morton leaving the residence at 1740 Reservoir Road approximately 2:42 p.m. this date.
>
> [s]    George D. Thornton

Defendant contends this affidavit does not state sufficient underlying circumstances to enable the judge to independently determine the reliability of the informant. We agree.

■ In *State v. Peterson*, 3 Wn. App. 946, 947, 478 P.2d 745 (1970), we summarized the requirements in this area:

> Although a supporting affidavit may be based upon hearsay, *Jones v. United States,* 362 U.S. 257, 4 L. Ed. 2d 697, 80 S. Ct. 725, 78 A.L.R.2d 233 (1960), the issuing magistrate must be informed of the source of the information contained therein and if it is from other than the affiant's personal knowledge, the affiant must also set forth some of the underlying facts and circumstances which led to the informant's conclusions that were passed along to the affiant, so that the credibility of the informant may be ascertained by the magistrate. *Aguilar v. Texas,* 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964); *Spinelli v. United States,* 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584 (1969). While the issuing magistrate may draw common sense inferences from the facts and circumstances contained in the affidavit, see *United States v. Ventresca,* 380 U.S. 102, 13 L. Ed. 2d 684, 85 S. Ct. 741 (1965), there must be a substantial factual basis for the ultimate conclusion that the items sought are probably located at the place to be searched. *State v. Walcott,* 72 Wn.2d 959, 435 P.2d 994 (1967); *Jones v. United States, supra; Nathanson v. United States,* 290 U.S. 41, 78 L. Ed. 159, 54 S. Ct. 11 (1933).

*See also* CrR 2.3(c); JCrR 2.10(c). Here, there are no facts or circumstances from which the reliability of the informant can be determined. This is fatal to the issuance of the warrant.

■ Moreover, there are other defects in the affidavits: (1) there are no dates indicating when the recent purchases were made and hence a court cannot determine whether the purchases were sufficiently current to meet the requirements of *State v. Spencer,* 9 Wn. App. 95, 510 P.2d 833 (1973). (2) The mere statement that Greg Morton was arrested with marijuana in his possession after leaving defendant's residence does not support the inference that the marijuana in his possession was probably obtained at the residence. There is nothing in the affidavit showing he did not have marijuana at the time he entered the house nor does the affidavit state how long after Greg Morton had left the house he was found to have marijuana in his pos-

session. (3) The affidavit does not negative Morton's contacts with other people between the time he left the residence and his arrest. While commonsense inferences should be made by the magistrate issuing the warrant, such inferences should not be grounded, as here, in speculation. *See State v. Smith*, 28 Wn. App. 387, 624 P.2d 191 (1981). We find that the trial court erred when it found the affidavit created sufficient probable cause for the issuance of the search warrant.

In view of our holding, it is unnecessary for us to reach the question of whether a search warrant erroneously issued on a city police court form by a judge pro tempore, who also sits as a district court judge, confers jurisdiction upon a county sheriff to search a residence located outside the limits of the city. The question raised should be sufficient warning to law enforcement officers and magistrates; search warrants should be issued on the proper form by courts having the power to authorize the search in order to preclude attack on the validity of the warrant on that ground.

Affirmed.

Roe, A.C.J., and Munson, J., concur.