**UNITED STATES of America,**
**Appellant,**

v.

**Felix S. JACOB, Appellee.**

**No. 81–5049.**

United States Court of Appeals,
Fourth Circuit.

Argued May 4, 1981.

Decided Aug. 10, 1981.

Rehearing Denied Oct. 5, 1981.

Stephen J. Immelt, Asst. U. S. Atty., Baltimore, Md. (Russell T. Baker, Jr., U. S. Atty., Baltimore, Md., on brief), for appellant.

Marvin J. Garbis, Baltimore, Md. (Stephen C. Struntz, Garbis & Schwait, P. A., Baltimore, Md., on brief), for appellee.

Before FIELD, Senior Circuit Judge, MURNAGHAN, Circuit Judge, and ERWIN,* District Judge.

FIELD, Senior Circuit Judge:

Pursuant to 18 U.S.C. § 3731, the Government has appealed an order of the district court suppressing evidence obtained under a search warrant.

---

\* Honorable Richard C. Erwin, Middle District of North Carolina, sitting by designation.

During an investigation of insurance fraud in personal injury claims arising from automobile accidents, the United States Attorney's office received information which implicated Felix S. Jacob, an attorney at law, in a scheme to submit fraudulent claims to certain insurance companies for the purpose of inflating out of court settlements. The defendant allegedly acted in concert with Dr. Julius Gluck and certain insurance adjusters to submit false medical bills to insurers, settle the claims for substantially higher amounts than otherwise could have been obtained, and retain that portion of the proceeds from the settlements which exceeded actual medical expenses.

On the basis of this information the Government submitted a proposed search warrant and supporting affidavit to the United States Magistrate who issued a warrant authorizing a search of the defendant's law offices. The warrant was executed on April 26, 1979, and evidence obtained during the search led to a one count information charging the defendant with making a false individual federal income tax return in violation of 26 U.S.C. § 7206(1).

Acting upon the defendant's motion, the district court ordered the suppression of all evidence obtained during the April 26, 1979 search. *United States v. Jacob*, 502 F.Supp. 1221 (D.Md.1980). The basis of the suppression was the court's conclusion that the warrant was impermissibly general since, "on its face, * * * [it] purports to authorize the search for evidence of any federal crime as long as the evidence 'relates' to the persons or transactions identified in the warrant." *Id.*, at 1226.

The warrant authorized the seizure of financial records for the period January 1, 1972 through December 31, 1977, which related to claims for bodily injuries arising out of automobile accidents involving clients represented by the defendant and treated by Dr. Gluck, and clients represented by the defendant with claims against persons insured by three insurance companies and in which certain named adjusters represented the companies.[1] Under the warrant the executing officers were authorized to search for and seize:

ledgers, journals, bank statements, checks, cancelled or otherwise, check vouchers, check stubs, checkbooks, deposit tickets, savings account books, for escrow account, regular account and any and all other checking and savings bank accounts, settlement sheets and other records of settlement for the time period January 1, 1972 through December 31, 1977, which relate to:

1. Clients who were represented by Felix S. Jacob and treated by Dr. Julius C. Gluck, in connection with claims for bodily injuries arising out of automobile accidents.

2. Clients who were represented by Felix S. Jacob in connection with claims for bodily injuries arising out of automobile accidents and which claims were made against persons insured by:

a. The Nationwide Mutual Insurance Company in which [X] acted as the adjuster for that company;

b. The Maryland Automobile Insurance Fund in which [Y] acted as the adjuster for that company; and

c. The Maryland Casualty Company in which [Z] acted as the adjuster for that company.

which ledgers, journals, bank statements, checks, cancelled or otherwise, check vouchers, check stubs, checkbooks, deposit tickets, savings account books, for escrow account, regular account and any and all other checking and savings bank accounts, settlement sheets and other records of settlement with respect to clients represented in connection with claims for bodily injury arising out of automobile accidents for the time period of January 1, 1972 through December 31, 1977, show or tend to show evidence of violations of federal criminal law including *but not*

---

1. The names of the adjusters were ordered excised from the public record by the district court.

*limited to* mail fraud in violation of 18 U.S.C. § 1341.

[Emphasis added].

It was the presence of the phrase "but not limited to" which troubled the district court. The court concluded that these four words destroyed the warrant's requisite specificity with respect to the crime or crimes for which it was issued. The court was of the opinion that in the light of this phraseology, the warrant failed to circumscribe the discretion of the executing officers with respect to the nature of their search, and also precluded meaningful review of the Magistrate's probable cause determination. Accordingly, the narrow issue before us is whether the phrase "but not limited to" in that part of the warrant which links the Magistrate's determination of probable cause with items to be seized destroyed the particularity of the warrant.

The Fourth Amendment's guarantee against unreasonable searches and seizures is, of course, in part implemented by the constitutional requirement that "no Warrants shall issue, but upon probable cause, * * * and particularly describing the * * * things to be seized." This standard seeks to prevent a "general, exploratory rummaging in a person's belongings", *Coolidge v. New Hampshire*, 403 U.S. 443, 467, 91 S.Ct. 2022, 2038, 29 L.Ed.2d 564 (1971), by substituting the neutral discretion of the magistrate for that of the officer executing the warrant with respect to those items to be seized. *Marron v. United States*, 275 U.S. 192, 195–96, 48 S.Ct. 74, 75–76, 72 L.Ed. 231 (1927).

In *Andresen v. Maryland*, 427 U.S. 463, 96 S.Ct. 2737, 49 L.Ed.2d 627 (1976), the Supreme Court had occasion to consider whether warrants similar to the one here under consideration failed to comply with the Fourth Amendment. The defendant in that case, an attorney under investigation for fraudulent real estate settlements, contended that language included in the warrants destroyed their otherwise specific nature by permitting the search and seizure of evidence of *any* crime. The warrants, issued for defendant's law offices, called for the seizure of:

'[T]he following items pertaining to sale, purchase, settlement and conveyance of lot 13, block T, Potomac Woods subdivision, Montgomery County, Maryland:
[various categories of documents]
showing or tending to show a fraudulent intent, and/or knowledge as elements of the crime of false pretenses, in violation of Article 27, Section 140, of the Annotated Code of Maryland, 1957 Edition, as amended and revised, *together with other fruits, instrumentalities and evidence of crime at this [time] unknown.*'

*Id.*, at 480 n.10, 96 S.Ct. at 2748.

The defendant contended that the highlighted language rendered the warrant "general". The Court rejected this argument, holding that the phrase should be read as authorizing only the search for and seizure of evidence relating to the crime of false pretenses:

The challenged phrase is not a separate sentence. Instead, it appears in each warrant at the end of a sentence containing a lengthy list of specified and particular items to be seized, all pertaining to Lot 13T. We think it clear from the context that the term 'crime' in the warrants refers only to the crime of false pretenses with respect to the sale of Lot 13T. The 'other fruits' clause is one of a series that follows the colon after the word 'Maryland'. All clauses in the series are limited by what precedes that colon, namely, 'items pertaining to * * * lot 13, block T.' The warrants, accordingly, did not authorize the executing officers to conduct a search for evidence of other crimes but only to search for and seize evidence relevant to the crime of false pretenses and Lot 13T. (footnotes omitted)

*Id.*, at 481–82, 96 S.Ct. at 2749.

■ The district court viewed *Andresen* as inapposite since it perceived that the language in the present warrant precluded a similar finding of specificity. We cannot agree with this restrictive reading of *Andresen*. The First Circuit has recently interpreted that case to mean that "the 'gen-

**52**

eral' tail of the search warrant will. be construed so as to not defeat the 'particularity' of the warrant." *United States v. Abrams*, 615 F.2d 541 (1980). In *Abrams*, the Court stressed that "[b]usiness records, although they may contain evidence of fraud, do not fall into the category of stolen or contraband goods" and therefore a warrant authorizing their seizure must contain more than a description of categories in generic terms. The Court distinguished the "general" warrant before it from those approved in *Andresen* on the ground that there was a complete absence of particularity with respect to the items to be seized under the warrant. In our opinion it is this particularity which, if present, will not be defeated by ambiguous conclusionary language. While a sufficiently particular qualifying phrase may have the effect of bringing an otherwise "general" warrant within the constitutional standard, a defective qualifying phrase will not defeat a warrant which is otherwise sufficiently specific. *See Application of Lafayette Academy, Inc.*, 610 F.2d 1, 5 (1 Cir. 1979). We think this interpretation of *Andresen* is consistent with the standard of our circuit which seeks to avoid the suppression of evidence seized pursuant to a warrant because of "hypertechnical" errors.

In contexts that do not involve First Amendment considerations, the test for the necessary particularity is a pragmatic one: 'The degree of specificity required when describing the goods to be seized may necessarily vary according to the circumstances and type of items involved * * *. [T]here is a practical margin of flexibility permitted by the constitutional requirement for particularity in the description of items to be seized.' *United States v. Davis*, 542 F.2d 743, 745 (8 Cir. 1976).

*United States v. Torch*, 609 F.2d 1088, 1090 (1979); *United States v. Espinoza*, 641 F.2d 153, 165 (4 Cir. 1981).

■ Under the present warrant, the executing officers were authorized to seize a wide variety of financial records, but by its terms the warrant limited the scope of seizable documents to those involving defendant's clients who had been treated by Dr. Gluck and/or who made claims against certain insurance companies represented by named adjusters, and involving personal injury claims during a specified period of time. Taking into consideration the complexity of the alleged fraud and the fact that the warrant circumscribed the ambit of seizable documents by category and time, we think it was sufficiently particularized with respect to the items to be seized. We are further of the opinion that the challenged phrase should properly be treated as merely superfluous and falls within the "practical margin of flexibility" afforded warrants in cases of this type.[2] Accordingly, we hold that it was error for the district court to suppress all of the evidence obtained under the warrant.

The conclusion of the district judge that the warrant was "general" made it unnecessary for him to reach the issue of whether the search by the agents exceeded the scope of the warrant. While the parties have treated this issue somewhat tangentially in their briefs, upon the record before us it would be impossible to make a determination on this issue. Accordingly, the case will be remanded in order that the district court may consider and determine the issue of the scope of the search. The suppression

2. The Court in *Andresen* appears to have recognized this "margin of flexibility":

Petitioner also suggests that the specific list of the documents to be seized constitutes a "general" warrant. We disagree. Under investigation was a complex real estate scheme whose existence could be proved only by piecing together many bits of evidence. Like a jigsaw puzzle, the whole "picture" of petitioner's false-pretense scheme with respect to Lot 13T could be shown only by placing in the proper place the many pieces of evidence that, taken singly, would show comparatively little. The complexity of an illegal scheme may not be used as a shield to avoid detection when the State has demonstrated probable cause to believe that a crime has been committed and probable cause to believe that evidence of this crime is in the suspect's possession.

427 U.S. at 480, footnote 10, 96 S.Ct. at 2748.

order is reversed and the case is remanded for further proceedings.

*REVERSED AND REMANDED.*