[Crim. No. 6049. Fifth Dist. Mar. 16, 1983.]

THE PEOPLE, Plaintiff and Appellant, v.
LAURENT ANTOINE JOUBERT et al., Defendants and Respondents.

COUNSEL

George Deukmejian and John K. Van de Kamp, Attorneys General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Anthony L. Dicce and Ramon M. de la Guardia, Deputy Attorneys General, for Plaintiff and Appellant.

Jin Ishikawa, under appointment by the Court of Appeal, Cowin, Johnson & Trippel and Jack D. Johnson for Defendants and Respondents.

## Opinion

**BROWN (G. A.), P. J.**—Respondents, Laurent Antoine Joubert, Christine Frances Joubert and Howard Vanderpool, are charged with unlawful cultivation of marijuana (Health & Saf. Code, § 11358) and possession of marijuana for sale (Health & Saf. Code, § 11359). In addition, Laurent Joubert is charged with obstructing a police officer in the discharge of his duty. (Pen. Code, § 148.) The trial court suppressed the evidence which was to be introduced in support of the charges and dismissed the information. The People appeal.

This is the second appeal by the People in this case.[1] In the former appeal the trial court suppressed the evidence seized pursuant to a search warrant. The trial court held that the information in the affidavit in support of the warrant was procured as a result of an unlawful aerial viewing of the property. The trial court did not reach the issue of misstatements and omissions in the affidavit supporting the search warrant. On the former appeal this court upheld the aerial overflight, reversed the judgment of dismissal and remanded the cause to the trial court for a further hearing pursuant to the principles enunciated in *People v. Kurland* (1980) 28 Cal.3d 376 [168 Cal.Rptr. 667, 618 P.2d 213], cert. den. 451 U.S. 987 [68 L.Ed.2d 844, 101 S.Ct. 2321].

On remand the trial court held a *Kurland* hearing, declared the warrant too broad, suppressed all of the evidence, and dismissed the information.

### Facts[2]

Having heard rumors that marijuana was being cultivated on a rural parcel of Madera County property, Deputy Sheriff Hahn decided to conduct an aerial surveillance of the property. Hahn checked at the county assessor's office, where he obtained a map of the subject 28-acre[3] parcel, determined that its address was 39900 Road 800, and discovered that respondent Christine Joubert was part-owner of the property.

---

[1] The former appeal is reported in *People v. Joubert* (1981) 118 Cal.App.3d 637 [173 Cal. Rptr. 428].

[2] These facts are taken from the former opinion of this court, the preliminary hearing transcript, the transcript of the previous Penal Code section 1538.5 hearing, photographs and exhibits, and the testimony taken at the hearing upon remand, all of which were before the trial court.

[3] The parcel is sometimes referred to in the testimony and other documents as containing 29 acres.

The aerial flight was conducted at a height of 800 to 1100 feet. The airplane circled the periphery of the property about 15 to 25 times without flying directly over it. By using "17 power" binoculars, Hahn was able to observe a circular-shaped, cultivated area approximately 50 feet in diameter which he identified as growing marijuana. This circular patch was the only place on the 28-acre parcel where he saw anything resembling marijuana.

The 28-acre parcel consisted primarily of open, uncultivated areas in the Sierra foothills, forested with oak, brush and grass. There were several structures scattered on the acreage, all of which were within 500 yards of one another. Hahn was able to see at least four structures from the air but testified he was unable to say that any of them were residences. He said they could have been residences or outbuildings.[4] One of the buildings was under construction. He saw some people in cars around the area, and the dirt roads were well traveled.

Officer Smith, the pilot of the airplane, testified that Officer Hahn pointed out a group of houses in the area.

In response to the affidavit of Officer Hahn, to which was attached the assessor's lot map showing the 28-acre parcel, a search warrant was issued authorizing the search of the entire 28 acres and all structures thereon. The warrant stated: "[Y]ou are therefore COMMANDED TO SEARCH a 28 acre parcel of real property located at 39900 Road 800, Madera County, California, enclosed by red lines upon the map which is attachment #3 hereto, consisting of open fields forrested [sic] with oak trees, brush and grass, upon which sit several single story structures appearing to be dwelling places and/or outbuildings and those dwelling places and/or outbuildings."

The affidavit recited the aerial viewing of the property "upon which sit several single story structures appearing to be dwelling places and/or outbuildings, all of which structures are within 500 yards of the hereinafter described cultivated area. [¶] On said parcel, there was only one cultivated area, roughly circular in shape and approximately 50 feet in diameter. This was observed with the aid of 17 power binocular. On the cultivated area, which appeared to have been recently irrigated, were closely planted rows of green plants, approximately 4 feet in height, with thick foliage; said plants appeared to affiant to be marijuana, as indicated in Attachment No. 2 ('opinion of affiant'), because of their characteristic size, shape, leaf structure, color hue and planting pattern."

---

[4] In the former hearing he testified one of the buildings appeared to be a residence.

The affiant further stated, "your affiant has formed the expert opinion that *the dwelling house* located at 39900 Road 800, in the County of Madera, State of California, contains such evidence as to the identity of the persons occupying and controlling the property, as well as such items used to cultivate, process and prepare for sale marijuana." (Italics added.)

Upon execution of the search warrant, the officers seized about 100 marijuana plants found growing on the circular field which had been seen from the air. They also seized over 150 marijuana plants from gardens at various other locations on the property. The relationship among the various marijuana-growing sites was as follows. The circular garden containing 100 marijuana plants was located approximately 15 feet from a house trailer where respondent Vanderpool was seen during the execution of the warrant. There was a footpath from that trailer to the circular garden. Approximately 75 yards from that garden was a cabin where there were two more marijuana patches: one containing 54 plants, and the other containing 82 plants. A third structure, which appeared to be a house under construction, was located about 400 yards from the circular garden. This was the Joubert residence. Just a few feet from this house was a fenced-in area containing rose bushes as well as about 39 marijuana plants. Near this garden were two bags of fertilizer which were seized and then later returned to respondent Christine Joubert at her request.

### Discussion

Respondent attacked the affidavit supporting the search warrant on the ground that it omits reference to the "numerous roads" in the area and makes no mention of the "numerous dwelling houses" in the vicinity of the marijuana garden and on the 28 acres. On the former appeal we held that, if true, these omissions could be material to the magistrate's determination of probable cause to search the residences on the property and to search the entire 28 acres. Accordingly, we remanded the matter for a *Kurland* (*People* v. *Kurland, supra,* 28 Cal.3d 376) hearing.

Upon remand, the People stipulated that all of the evidence seized from the residences on the property should be suppressed. After a hearing the trial court found that the failure to specify the number of residences on the property and the concomitant failure to refer to the number of roads on the property were material omissions. It further determined the omissions were negligent. In accordance with *Kurland,* the court added the omitted facts and retested the affidavit for probable cause. (*Id.,* at p. 390.) Upon such adding and redetermination, the court held the warrant was overly broad. The court suppressed all of the evidence seized. The court also refused to hold the warrant was severable as to the circular marijuana patch. We will affirm as to the overbreadth of the warrant, but will reverse as to the circular marijuana patch.

The existence of multiple roads going to and from each of the residences and the existence of multiple dwellings is highly material to whether the 28-acre parcel was divided into multiple parcels. Since Officer Hahn possessed evidence indicating that there were multiple parcels, the warrant was clearly overbroad. The existence of the single known marijuana field could not justify the search of the entire 28-acre parcel.

In *People* v. *Sheehan* (1972) 28 Cal.App.3d 21 [103 Cal.Rptr. 201], the affidavit showed widespread growing and use of marijuana on a 315-acre ranch. There were numerous habitations on the property. There was no information relative to the defendant's particular habitation or of the defendant's possession, growing or use of marijuana. A search warrant was issued for search of the entire 315 acres and all habitations and structures thereon. The defendant's tent was searched, and marijuana was seized therein. The court held the marijuana should be suppressed in that "[t]here was nothing in the affidavit which would authorize the issuance of a warrant for the search of the habitation occupied by the defendant." (*Id.*, at p. 24.) The court cites and quotes from *People* v. *Estrada* (1965) 234 Cal.App.2d 136, 146 [44 Cal.Rptr. 165, 11 A.L.R.3d 1307], wherein the *Estrada* court stated: "'. . . when a warrant directs a search of a multiple occupancy apartment house or building, absent a showing of probable cause for searching each unit or for believing that the entire building is a single living unit, the warrant is void and a conviction obtained on evidence seized under it cannot stand. [Citations.]'" (28 Cal.App.3d at p. 24.)

The Fourth Amendment to the United States Constitution requires that ". . . no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, . . ." There is a similar provision in the California Constitution (Cal. Const., art. I, § 13) and in Penal Code section 1525. Quoting from the Fourth Amendment, the court held in *United States* v. *Hinton* (7th Cir. 1955) 219 F.2d 324, 325-326: "For purposes of satisfying the Fourth Amendment, searching two or more apartments in the same building is no different than searching two or more completely separate houses. Probable cause must be shown for searching each house or, in this case, each apartment. If such cause is shown there is no reason for requiring a separate warrant for each resident. A single warrant may cover several different places or residences in a single building. But probable cause must be shown for searching each residence unless it be shown that, although appearing to be a building of several apartments, the entire building is actually being used as a single unit." The court further states: "The basic requirement is that the officers who are commanded to search be able from the 'particular' description of the search warrant to identify the specific place for which there is probable cause to believe that a crime is being committed." (*Id.*, at p. 326.)

Applying these principles to the instant case, it appears clear that probable cause to search all of the living units on the 28-acre parcel or the entire 28-acre parcel could not be predicated upon probable cause to search for one small, circular patch of marijuana existing on the premises. It cannot be reasonably inferred from the existence of such a garden that there was marijuana growing on other areas on the 28-acre parcel or that there was contraband in every residence on the property. There was nothing in the affidavit establishing probable cause to search the entire acreage. Thus, it has been stated that "[t]he constitutionally protected right of privacy is readily violated if law enforcement officers, for lack of a warrant specifically defining the extent of their search, are free to determine it for themselves. [Citation.]" (*People* v. *Fitzwater* (1968) 260 Cal.App.2d 478, 485-486 [67 Cal.Rptr. 190], cert. den. 393 U.S. 953 [21 L.Ed.2d 364, 89 S.Ct. 378].) Accordingly, we conclude the trial court was correct in suppressing the evidence seized from areas other than the small, circular garden.

However, it appears equally clear that the affidavit established probable cause to search and seize the 50-foot, circular marijuana garden. The affidavit attached to the warrant specifically referred to the circular garden. In determining the adequacy of the description of the place to be searched, it is permissible to look to the affidavit since the affidavit is part of the warrant and incorporated by reference therein. (*Harris* v. *State* (1973) 17 Md.App. 484, 488 [302 A.2d 655, 657]; 2 LaFave, Search and Seizure, A Treatise on the Fourth Amendment, § 4.5, pp. 73-74.)

Nevertheless, as has been mentioned, the trial court refused to sever the valid portion of the warrant authorizing the search of the circular garden from the invalid parts. In so ruling the court was in error.

It is well established that an overbroad warrant may be upheld as to valid portions where there is probable cause to seize some of the items specified in the warrant although not others. (See *Aday* v. *Superior Court* (1961) 55 Cal.2d 789, 797 [13 Cal.Rptr. 415, 362 P.2d 47]; *United States* v. *Cook* (5th Cir. 1981) 657 F.2d 730, 734-736.) There does not appear to be any California authority explicitly holding that the severability doctrine also applies to valid parts of a warrant authorizing the area to be searched. However, at least one federal case suggests that result.

In *United States* v. *Gilman* (9th Cir. 1982) 684 F.2d 616, a case involving obscene material, the warrant authorized the search of 924 Grove Street, San Francisco, a building housing All American's offices. Defendants Gilman and Martin were principals of All American. The warrant failed to mention that the building also contained a residential dwelling. The police searched the residential apartment at 924 Grove Street occupied by defendant Martin. The trial

court suppressed evidence of the material seized at the apartment. On appeal, the defendants argued that because the warrant described the entire building and did not show probable cause for a search of the dwelling, the warrant was void and therefore the entire search was unlawful. The court held the evidence seized from the office was admissible and the entire warrant was not void. The court stated:

"Even if a warrant authorizes the search of an entire premises containing multiple units while reciting probable cause as to a portion of the premises only, it does not follow either that the warrant is void or that the entire search is unlawful. . . .

"Probable cause was stated for the offices, and the overbreadth of the warrant does not require suppression of evidence seized pursuant to that aspect of the search. (Citation.)" (*Id.*, at p. 618.)

As in the case of an overbroad warrant describing items to be seized, we are of the opinion that the valid part of the warrant as it pertains to the circular marijuana garden should be severed from the part authorizing the search of the residences and the entire 28 acres.

Having so held, the issue arises as to whether there was probable cause to hold all respondents for trial on the cultivation and possession charges. An information will not be set aside if there is a rational ground for assuming the possibility that a crime has occurred and the defendants are guilty of it. (*Rideout v. Superior Court* (1967) 67 Cal.2d 471, 474 [62 Cal.Rptr. 581, 432 P.2d 197]; *People v. Park* (1978) 87 Cal.App.3d 550, 560-561 [151 Cal.Rptr. 146].) Though this issue was raised by respondents in the trial court, the court refused to pass upon it since it was held that the warrant was overbroad.[5]

As to the Jouberts, the evidence showed their residence was some 400 yards from the cultivated area. The area could be reached by a network of well-used roads and footpaths, and there was evidence that Christine Joubert was one of the record owners of the entire parcel. Also, the Jouberts were present at their residence at the time of the search. It is also relevant that Christine Joubert went to the sheriff's office to reclaim the two bags of fertilizer seized by the police.

We cannot say as a matter of law that the evidence establishes that there was probable cause to hold Vanderpool and/or the Jouberts for cultivation of the circular marijuana patch. Since the trial court refused to pass upon this issue, it

---

[5]The court did suggest that if it were to rule as to respondent Vanderpool it would hold him responsible for the cultivation due to the proximity of his residence to the circular parcel and the well-used footpath between Vanderpool's residence and the marijuana patch.

again becomes necessary to send the case back to the trial court to make this determination. (*People* v. *Cella* (1981) 114 Cal.App.3d 905, 912-914 [170 Cal.Rptr. 915]; *People* v. *Superior Court* (*Tunch*) (1978) 80 Cal.App.3d 665, 683 [145 Cal.Rptr. 795].)

Lastly, respondents urge the dismissal is supportable by the failure of the prosecution to bring the cause to trial within 60 days after filing of the remittitur. (Pen. Code, § 1382, subd. 2.) The court specifically refused to pass upon this issue. However, respondents may not argue in this court that they have been aggrieved by that failure since they have failed to cross-appeal. (See *Puritan Leasing Co.* v. *August* (1976) 16 Cal.3d 451, 463 [128 Cal.Rptr. 175, 546 P.2d 679]; *Cooperman* v. *Unemployment Ins. Appeals Bd.* (1975) 49 Cal.App.3d 1, 11 [122 Cal.Rptr. 127].) Upon remand, respondents are entitled to a ruling upon their motion.

The judgments are affirmed insofar as they hold the warrant authorizing the search of the entire premises and the residences was overbroad; the judgments are reversed insofar as they hold the warrant did not authorize the search of the circular marijuana garden and dismissed the information. The cause is remanded for further proceedings in compliance with the principles enunciated in this opinion.

Andreen, J., and Martin, J., concurred.