[No. 5744–5–III.   Division Three.   April 11, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v. KAREN
M. CHRISTIANSEN, *Appellant.*

*Robert G. Eisele* and *Stiley & Kodis, P.S.,* for appellant.

*John G. Wetle, Prosecuting Attorney,* and *Dan B. Johnson, Deputy,* for respondent.

Munson, J.—Karen M. Christiansen appeals her conviction for unlawfully manufacturing a controlled substance, marijuana.[1] She contends: (1) a warrant issued for the search of her property exceeded the scope of probable cause established in the supporting affidavit; (2) the search warrant was not sufficiently particularized as to the places to be searched and the items to be seized; and (3) assuming the 35 marijuana plants were illegally seized, there was insufficient evidence to support the conviction beyond a reasonable doubt. We affirm.

On August 17, 1982, Captain Kenneth O. Meyer of the Stevens County Sheriff's Department and Detective Doug Silver of the Spokane County Sheriff's Department conducted an aerial surveillance over Stevens County for marijuana. At an altitude of approximately 1,000 feet, the officers identified what they believed to be a marijuana garden. The suspected marijuana garden was located on a hillside approximately 100 feet from an Indian–style tepee. The officers also observed several residences, a county road, and a number of driveways and access roads in the area.

Following this aerial surveillance, Captain Meyer obtained a legal description of the premises where the garden had been spotted. The description covered approximately 60 acres comprised of four separate ownerships.

Captain Meyer submitted an affidavit for a search war-

---

[1]Manufacture, for purposes of RCW 69.50.401(a), means: "the production, preparation, propagation, compounding, conversion or processing of a controlled substance, either directly or indirectly by extraction from substances of natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis, and includes any packaging or repackaging of the substance or labeling or relabeling of its container, except that this term does not include the preparation or compounding of a controlled substance by an individual for his own use or the preparation, compounding, packaging, or labeling of a controlled substance . . .". RCW 69.50.101(m).

rant to the Stevens County District Court, containing the following facts: (1) the names of the officers who participated in the aerial surveillance and their experience in identifying marijuana; (2) the date of the observation; (3) the legal description of the area where the suspected marijuana garden had been spotted; (4) the facts and circumstances surrounding the flight and the discovery of the garden, including the fact several residences were observed in the area; (5) the affiant's conclusion that marijuana was being grown and manufactured on the premises and (6) the affiant's further belief, based upon his past experience and the presence of the marijuana garden, additional evidence of the suspected crime could be found in buildings and vehicles on the premises.

The District Court issued a search warrant authorizing the search of the 60 acres. The warrant included property later determined to be occupied by Mrs. Christiansen. Aside from the premises, the warrant authorized the search of vehicles and persons found thereon and the seizure of:

(1) all evidence and fruits of the crime(s) of manufacturing, delivering or possessing controlled substances, and (2) all other things by means of which the crime(s) of manufacturing, delivering or possessing a controlled substance (has)(have) or reasonably appears about to be committed, . . .

The officers executing the warrant located the area where the garden had been spotted by Captain Meyer. However, only a branch of marijuana was found at this location. The garden apparently had been recently harvested. The tepee was also located; it was not occupied.

The officers continued to search along a path leading from the garden. Approximately 200 yards from this location, the officers discovered another marijuana garden containing approximately 20 plants. Some 200 yards beyond this point, an additional 15 plants were discovered. This garden was approximately 75 feet from the Christiansen residence. While there was no path connecting these two gardens, there were paths leading from each garden directly

to the Christiansen residence.

After attempting to serve the warrant on the occupants and discovering no one was at home, the officers proceeded to search the residence. No other dwelling in the area was searched. During the search numerous items were seized, including additional marijuana and drug paraphernalia. Mrs. Christiansen was subsequently charged pursuant to RCW 69.50.401(a)(1)(ii), unlawfully manufacturing a controlled substance.

Mrs. Christiansen filed a motion to suppress all evidence seized during the search of her property. Following a hearing, the trial court suppressed the evidence seized from the residence after concluding the authorization to search buildings on the property was not supported by probable cause. The court upheld the seizure of the marijuana plants from the gardens. Mrs. Christiansen was found guilty upon stipulated facts. After entry of judgment and sentence, she appealed.

Mrs. Christiansen initially contends the search warrant exceeded the scope of probable cause established in the supporting affidavit. She argues the affidavit contains no facts indicating any additional quantity of marijuana could be found on the premises, although she apparently concedes there was probable cause to search the area where the marijuana garden had been observed during the aerial surveillance.[2]

▓ This is too narrow a view of the supporting affidavit. In determining the existence of probable cause, the issuing

---

[2]Mrs. Christiansen further contends the authorization to search the entire 60 acres was unreasonable and should have been confined to a lesser area. She does not explain how the parameters could be reduced, whether the four residences could be separately described, or offer any suggestion in that vein. The location is in a rural, wooded area of a sparsely populated county. There is nothing to suggest only one of the several residences spotted in the area could have been connected to the marijuana garden, when the warrant was issued. We conclude, with some reservations, the authorization to search the entire 60 acres was not unreasonable under the circumstances. The acreage covered by the warrants described in *State v. Cockrell,* 102 Wn.2d 561, 689 P.2d 32 (1984) and *State v. Myrick,* 102 Wn.2d 506, 688 P.2d 151 (1984) each exceeded 60 acres.

magistrate may draw commonsense inferences from the facts and circumstances contained in the affidavit. *State v. Helmka,* 86 Wn.2d 91, 93, 542 P.2d 115 (1975); *State v. Larson,* 29 Wn. App. 669, 671, 630 P.2d 485 (1981); *State v. Frye,* 26 Wn. App. 276, 281, 613 P.2d 152 (1980); *State v. Harris,* 12 Wn. App. 481, 483, 530 P.2d 646, *review denied,* 85 Wn.2d 1010 (1975); *State v. Peterson,* 3 Wn. App. 946, 947, 478 P.2d 745 (1970).

Here, there was probable cause to believe marijuana was being unlawfully propagated on the premises. Given the factual basis set forth in the affidavit, it was reasonable to conclude additional plants or processed marijuana could be found at other locations on the premises. *State v. Helmka, supra* at 92–93; *State v. Frye, supra* at 280–81. *See also State v. Olson,* 32 Wn. App. 555, 558, 648 P.2d 476 (1982). The search warrant was within the scope of probable cause established by affidavit.

■ Mrs. Christiansen next contends the search warrant failed to describe with sufficient particularity the places to be searched and the items to be seized. *State v. Cockrell,* 102 Wn.2d 561, 569–70, 689 P.2d 32 (1984), approved the use of a legal description:

> In rural areas, where street numbers are not the standard means of identifying property, a legal description encompassing the suspect property is appropriate. A warrant is sufficiently particular if it identifies the place to be searched adequately enough so that the officer executing the warrant can, with reasonable care, identify the place intended. *State v. Fisher,* 96 Wn.2d 962, 639 P.2d 743, *cert. denied,* 457 U.S. 1137 (1982).

(Citation omitted.)

Here, the legal description was sufficient to confine the officers' search to the area intended. Given the nature of the premises, a more specific description was not required. Contrary to Mrs. Christiansen's assertion, the warrant was not defective because it contained no specific reference to dwellings or other structures on the premises to be searched. A warrant to search a specific tract of real prop-

erty necessarily authorizes a search of parts of that property. *State v. Ditmar,* 132 Wash. 501, 509, 232 P. 321 (1925).

■ The description of the items to be seized was also sufficiently particular to limit the discretion of the officers in executing the warrant. The fact the warrant could have been more precise in terms of identifying marijuana as the focus of the search does not affect its validity, since reasonable particularity is all that is required. *State v. Olson, supra* at 557; *State v. Cohen,* 19 Wn. App. 600, 604, 576 P.2d 933, *review denied,* 90 Wn.2d 1022 (1978); *State v. Salinas,* 18 Wn. App. 455, 458, 569 P.2d 75 (1977); *State v. Cowles,* 14 Wn. App. 14, 19, 538 P.2d 840, *review denied,* 86 Wn.2d 1004 (1975); *State v. Withers,* 8 Wn. App. 123, 126–27, 504 P.2d 1151 (1972). The description of the items to be seized was confined to evidence of the suspected crime. A grudging and overly technical requirement of elaborate specificity has no place in determining whether a warrant satisfies the Fourth Amendment requirement of particularity. *State v. Withers, supra* at 126.

Since the warrant was supported by probable cause and sufficiently particularized, we conclude the 35 marijuana plants were lawfully seized. Therefore, we do not address whether the same evidence could have been seized under the open fields doctrine. The contraband seized during the search provided sufficient evidence to support the conviction beyond a reasonable doubt. *State v. Green,* 94 Wn.2d 216, 616 P.2d 628 (1980).

The conviction is affirmed.

THOMPSON, J., concurs.

McINTURFF, A.C.J. (concurring)—I concur in the result reached by the majority. I have serious misgivings, however, with respect to the evidence of probable cause and the particularity of the search warrant. The fourth amendment to the United States Constitution requires that "no warrants shall issue, but upon probable cause, supported by oath or

affirmation, and particularly describing the place to be searched . . ." There is a similar provision in the Washington Constitution, article 1, section 7. By the terms of the Fourth Amendment, therefore, the requirement of probable cause and particularity are inextricably intertwined. A warrant to search can never include more than that which is covered by the showing of probable cause to search. *Dumbra v. United States,* 268 U.S. 435, 441, 69 L. Ed. 1032, 45 S. Ct. 546 (1925); *United States v. Hinton,* 219 F.2d 324, 325 (7th Cir. 1955); *United States v. Jacob,* 502 F. Supp. 1221, 1226 (D. Md. 1980), *rev'd on other grounds,* 657 F.2d 49 (4th Cir. 1981), *cert. denied,* 455 U.S. 942, 71 L. Ed. 2d 653, 102 S. Ct. 1435 (1982); *see also* J. Hall, *Search and Seizure* § 6:8 (1982 & Supp. 1985). Although the issuing magistrate may draw commonsense inferences from the facts and circumstances contained in the affidavit, there must be a substantial factual basis for the ultimate conclusion that the items sought are located at the place to be searched. *State v. Larson,* 29 Wn. App. 669, 671, 630 P.2d 485 (1981); *State v. Peterson,* 3 Wn. App. 946, 947, 478 P.2d 745 (1970).

Although the majority properly states the general rules applicable to this case, search warrants must be "evaluated on a case by case basis" and those rules "must be applied to specific factual settings." *State v. Helmka,* 86 Wn.2d 91, 93, 542 P.2d 115 (1975).[3] In *People v. Joubert,* 140 Cal. App.

---

[3]The majority concludes the search was reasonable also because the acreage covered by warrants approved in *State v. Cockrell,* 102 Wn.2d 561, 689 P.2d 32 (1984) and *State v. Myrick,* 102 Wn.2d 506, 688 P.2d 151 (1984) each exceeded 60 acres. But in *Cockrell,* the flyover identified 15 marijuana gardens in the searched area. Here, only 1 was observed. *Myrick* lends little support to the reasonableness of this search because the court failed to indicate the number of gardens viewed during the flyover.

Furthermore, the additional authority, relied upon by the majority, actually allowed searches narrower in scope than the search here. *See, e.g., State v. Helmka, supra* (drugs found in apartment); *State v. Larson,* 29 Wn. App. 669, 630 P.2d 485 (1981) (evidence found in residence); *State v. Frye,* 26 Wn. App. 276, 613 P.2d 152 (1980) (warrant "specifically referred" to persons and vehicles at the residence); *State v. Harris,* 12 Wn. App. 481, 530 P.2d 646, *review denied,* 85 Wn.2d 1010 (1975) (search in hotel room). Indeed, in *State v. Peterson, supra,* the

3d 946, 190 Cal. Rptr. 23 (1983), the court faced facts nearly identical to these. There, during an aerial flight a deputy sheriff observed a circular–shaped, cultivated area he identified as growing marijuana. The circular patch was the only place on the 28–acre parcel where he saw anything resembling marijuana. The parcel also consisted primarily of open, uncultivated areas in the Sierra foothills, forested with oak, brush and grass. There were several structures scattered on the acreage, all of which were within 500 yards of one another. The deputy sheriff could see at least four structures from the air, but was unable to say that any of them were residences. A search warrant was issued authorizing the search of the entire 28 acres and all structures thereon. Concluding the search was unreasonable, the court noted:

> "The basic requirement is that the officers who are commanded to search be able from the 'particular' description of the search warrant to identify the specific place for which there is probable cause to believe that a crime is being committed."

*Joubert,* at 951 (quoting *United States v. Hinton, supra* at 325–26). The court concluded:

> [I]t appears clear that probable cause to search all of the living units on the 28–acre parcel *or the entire 28–acre parcel* could not be predicated upon probable cause to search for one small, circular patch of marijuana existing on the premises.

(Italics mine.) *Joubert,* at 952.

Absent words in an affidavit establishing probable cause to search the entire acreage, I conclude it cannot be reasonably inferred from the existence of such a patch that there was marijuana growing on other areas within the 60–acre parcel. Moreover, there was no contention by the officers that they encountered problems in locating the patch,

---

court suppressed evidence seized under a warrant allowing a search of the residence and appurtenant property because, *inter alia,* there must be "a substantial factual basis for the ultimate conclusion that the items sought are probably located at the place to be searched." *Peterson,* at 947.

which was located near the tepee, an identifiable landmark. Thus, the constitutionally protected right of privacy was violated because the warrant lacked reasonable particularity and subjected Mrs. Christiansen to a roving search subject only to the discretion of the law enforcement officers. *See, e.g., United States v. Marti,* 421 F.2d 1263, 1268–69 (2d Cir. 1970); *State v. Frye,* 26 Wn. App. 276, 281, 613 P.2d 152 (1980); *Joubert,* at 952; *People v. Fitzwater,* 260 Cal. App. 2d 478, 485–86, 67 Cal. Rptr. 190, *cert. denied,* 393 U.S. 953, 21 L. Ed. 2d 364, 89 S. Ct. 378 (1968). I would, therefore, suppress the evidence seized from areas other than the garden located near the tepee.

Even excluding this evidence, however, I am constrained to concur since some marijuana, although in minimal amount, was found in the location of the garden sighted during the aerial surveillance. As the officers found "a branch of marijuana" and evidence indicated the garden had been harvested recently, sufficient evidence substantiates Mrs. Christiansen's conviction for unlawfully manufacturing a controlled substance, marijuana.