[No. 1343-2.   Division Two.   July 21, 1975.]

THE STATE OF WASHINGTON, *Respondent*, v. RONNA LEE WHITE, *Appellant*.

*Lawrence W. Moore*, for appellant.

*Donald F. Herron, Prosecuting Attorney*, and *James M. Finnell, Deputy*, for respondent.

LANGSDORF, J.*—Defendant, Ronna Lee White, appeals from a conviction of unlawful possession of a controlled substance. A motion to suppress was denied in superior court and the defendant was found guilty. Defendant contends that the trial court erred in not granting her motion to suppress the evidence.

A controlled substance search warrant for the premises was executed by members of the Tacoma Police Department at approximately 8 a.m. on May 14, 1973. The address was the defendant's apartment. After knocking and announcing their presence, the officers were admitted by the defendant, dressed in a bathrobe. The officers then read her the warrant and began to search the premises. A police matron searched defendant's purse which was located on the top of a dresser in the bedroom. Three amphetamine tablets and identification were found in defendant's billfold —which she admitted was hers. The defendant was then

---

*Judge J. Guthrie Langsdorf is serving as a judge pro tempore of the Court of Appeals pursuant to Laws of 1973, ch. 114.

arrested. Prior to finding the amphetamine tablets, the officers had not discovered any other controlled substances nor was the defendant under arrest. The defendant contends that the search of her purse was outside the scope of the search warrant. She attempts to apply the facts in her case to this court's holding in *Tacoma v. Mundell*, 6 Wn. App. 673, 495 P.2d 682 (1972). We disagree, as clearly *Mundell* involved a search of the person; this case does not.

Defendant's purse, lying on the dresser in the bedroom, was merely another household item subject to the lawful execution of the search warrant which the police officers held and were enforcing. *United States v. Micheli*, 487 F.2d 429 (1st Cir. 1973); *United States v. Johnson*, 475 F.2d 977 (D.C. Cir. 1973); *Walker v. United States*, 117 App. D.C. 151, 327 F.2d 597 (D.C. Cir. 1963), *cert. denied*, 377 U.S. 956, 12 L. Ed. 2d 500, 84 S. Ct. 1635 (1964).

Judgment affirmed.

EVANS (A.C.J.) and WILLIAMS, JJ. Pro Tem., concur.

Petition for rehearing denied August 26, 1975.