[No. 3883–II.   Division Two.   May 29, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. STEVEN
LAWRENCE FRYE, *Appellant.*

*Timothy K. Ford,* for appellant.

*Henry R. Dunn, Prosecuting Attorney,* and *Randy Furman, Deputy,* for respondent.

REED, C.J.—Defendant Steven Lawrence Frye appeals his conviction of marijuana possession, assigning error to the trial court's failure to suppress evidence obtained pursuant to an allegedly invalid search warrant. At the trial court level, defendant presented evidence suggesting the existence of inaccuracies in the search warrant's supporting affidavit. Defendant proffered this evidence in an effort to impeach the integrity of the otherwise properly issued warrant. Although the affidavit may suffer from an unnecessary glorification of the facts, we do not consider these distortions so significant as to vitiate the finding of probable cause. Accordingly, we affirm.

On August 27, 1978, officers of the Longview Police Department arrested two individuals suspected in connection with a series of local burglaries. Questioning by Cowlitz County deputies resulted in confessions and statements implicating three to five other individuals in the same burglaries. The information supplied apparently led to the arrest of at least three of those implicated and eventual recovery of the stolen property.

In later conversations with the sheriff's deputies, the informants volunteered information implicating defendant in the possession and sale of controlled substances—crimes unrelated to the informants' burglaries. One informant described how he had accompanied a friend to defendant's

residence where the friend purchased a quantity of marijuana. The other informant declared that he had been inside defendant's residence on at least 20 occasions in the past 3 months and each time he had observed a large quantity of "narcotics," including mescaline, micro–dot LSD, cocaine, and marijuana. The sheriff's deputies then contacted a third party, a regular police informant, who told the deputies he had heard defendant sold drugs.

Armed with this information the deputies composed an affidavit containing the above information. Because the undisclosed informants' accusations were hearsay, the officers included the following passage in their affidavit:

> That *all three informants in this matter* have provided information to these officers which has resulted in the arrest of numerous people and the recovery of *contraband.* That all three informants have provided reliable information on at least 3 different *cases* to these officers.

(Italics ours.)

The warrant as issued authorized the deputies to search defendant's residence and persons or vehicles found at that address. Upon execution of the warrant a small amount of marijuana was found in the living room with a larger amount found in defendant's car which was parked in the driveway outside his residence.

Although defendant recognizes that the affidavit on its face establishes probable cause,[1] he urges this court to hold that the deputies materially misrepresented the reliability of their informants in the above quoted passage. Specifically, defendant argues that the deputies misled the issuing magistrate by describing the recovered stolen property as "contraband." He maintains this term suggests a seizure of illegal drugs, not stolen property. Furthermore, defendant claims the magistrate was misled by the deputies' reference to "3 different cases." The "different cases" all concerned

---

[1] The third informant's unsubstantiated comments regarding defendant's reputation as a drug seller cannot be used as a basis for finding probable cause under *Aguilar v. Texas,* 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964), and *Spinelli v. United States,* 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584 (1969).

the burglaries for which the informants were arrested and perhaps could be more accurately described as three separate arrests. At the heart of defendant's appeal, however, is his objection to the deputies' assertion of the informants' reliability when the only reliable information previously supplied was part and parcel of the informants' confessions of their own crimes.

■ The United States Supreme Court addressed the question of a defendant's attack on the veracity of a warrant's supporting affidavit in *Franks v. Delaware,* 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674 (1978). There the court held that where a defendant establishes by a preponderance of the evidence that the affiant either knowingly and intentionally, or with reckless disregard for the truth, included a materially false statement in a warrant affidavit, that portion of the affidavit cannot be considered in ascertaining whether probable cause existed to support the warrant. *See State v. Sweet,* 23 Wn. App. 97, 596 P.2d 1080 (1979); *State v. Goodlow,* 11 Wn. App. 533, 523 P.2d 1204 (1974). There is a presumption of validity with respect to the search warrant's supporting affidavit, and mere allegations of negligence or innocent mistake are insufficient even to entitle defendant to an evidentiary hearing. *Franks v. Delaware, supra* at 172. Because defendant received a full evidentiary hearing on the statements' falsity at the trial level, our only concern on appeal is whether the court erred in applying the *Franks'* standard. Defendant makes a 2-pronged attack, claiming that the alleged misrepresentations were made either intentionally or recklessly.

■■ Regarding the description of the stolen property as "contraband," we disagree with defendant's allegations of misrepresentation. Although contemporary usage may suggest illegal drugs, we do not find its usage necessarily restricted to that meaning. *See* Black's Law Dictionary 393 (4th ed. rev. 1968). Moreover, in light of the deputies' efforts to keep the identity of their informants confidential, an element of good faith distortion and omission becomes necessary. *See generally United States v. Young Buffalo,*

591 F.2d 506, 510–11 (9th Cir. 1979). The same notion applies to the deputies' failure to disclose the relationship between the informants' reliability and their confession to the crimes charged. But even if these obfuscations amount to misrepresentation, they do not rise to the level of a deliberate falsehood or reckless disregard for the truth.

Similarly, use of the phrase "3 different *cases*" instead of three "arrests" does not amount to a reckless or intentional misrepresentation. Although we do not condone the deputies' use of spongy rhetoric in composing a warrant's affidavit, we are unpersuaded that the representations rise to the level of a constitutional violation. Even when examined under the most critical light, the inappropriate diction amounts to no more than gilding the lily. Accordingly, we uphold the trial court's denial of defendant's suppression motion.

Defendant makes two other assignments of error involving the search warrant. First, he urges this court to hold that the affidavit did not establish probable cause to search vehicles found at defendant's residence. Second, he claims the warrant was so improperly broad in scope that it constituted a "general warrant" in violation of the Fourth Amendment. We find no merit in either of these alleged errors.

Although the warrant's supporting affidavit mentioned drugs observed at defendant's residence, no mention was made of drugs in defendant's automobile. The warrant as issued, however, authorized the deputies to search defendant's residence and any vehicles or persons found at that address. Although a search of defendant's residence and person revealed little, a search of defendant's vehicle parked outside his residence led to the discovery of the drugs used in defendant's conviction. Defendant charges that the warrant exceeded the scope of probable cause established in the warrant's affidavit.

The court in *State v. Helmka,* 86 Wn.2d 91, 93, 542 P.2d 115 (1975) provided:

In performing his independent, detached function, the magistrate is to operate in a commonsense and realistic fashion. He is entitled to draw commonsense and reasonable inferences from the facts and circumstances set forth. *Irby v. United States,* 314 F.2d 251 (D.C. Cir. 1963); *State v. Peterson,* 3 Wn. App. 946, 478 P.2d 745 (1970).

*Helmka* concerned the validity of a warrant which authorized search of an entire apartment where the supporting affidavit established only that marijuana plants were observed through a streetside window. The court held that the issuing magistrate could reasonably infer that additional plants or processed marijuana could be found on the premises. Similarly, in the case at bar, we hold that it was not unreasonable for the search warrant to include vehicles found at defendant's residence. There was probable cause to believe that defendant dealt in illegal drugs, and it was not unreasonable to infer that his cache might be his automobile.[2]

■ Defendant's final attack on the search warrant concerns the requirement of particularity—*i.e.,* whether in authorizing a search of the "residence/vehicles/persons" of defendant's address the warrant was too general and therefore invalid as an exploratory search. The Fourth Amendment requires that a warrant particularly describe the place to be searched and the things to be seized. *Berger v. New York,* 388 U.S. 41, 58, 18 L. Ed. 2d 1040, 87 S. Ct. 1873 (1967). The test for sufficiency of the description of the place to be searched is whether the executing officer can, with reasonable effort, locate the item to be searched. *Steele v. United States,* 267 U.S. 498, 69 L. Ed. 757, 45 S. Ct. 414 (1924); *United States v. Gitcho,* 601 F.2d 369 (8th Cir.), *cert. denied,* 444 U.S. 871, 62 L. Ed. 2d 96, 100 S. Ct.

---

[2]On the facts presented we find it unnecessary to address the question whether the inference discussed above would entitle the officers to stop and search a vehicle matching defendant's vehicle's description. We emphasize that similar cases must fall within the ambit of reasonableness with the need for specificity largely determined by the facts. *State v. Helmka,* 86 Wn.2d 91, 542 P.2d 115 (1975).

148 (1979); *United States v. Prout,* 526 F.2d 380 (5th Cir.), *cert. denied,* 429 U.S. 840, 50 L. Ed. 2d 109, 97 S. Ct. 114 (1976); *see also State v. Scott,* 21 Wn. App. 113, 116, 584 P.2d 423 (1978); and *State v. Salinas,* 18 Wn. App. 455, 569 P.2d 75 (1977). Because the warrant specifically referred to persons and vehicles found at defendant's residence, we hold it accords with the above standard.

Finally, defendant challenges the constitutionality of RCW 69.50.203. A similar challenge was rejected recently by the Supreme Court in *State v. Smith,* 93 Wn.2d 329, 610 P.2d 869 (1980).

Affirmed.

PETRIE and PETRICH, JJ., concur.

Reconsideration denied June 20, 1980.

Review denied by Supreme Court September 5, 1980.