**STATE of Iowa, Plaintiff–Appellee,**

v.

**Melvin (NMN) BALLEW, Defendant–Appellant.**

No. 88–1878.

Court of Appeals of Iowa.

March 27, 1990.

Raymond E. Rogers, State Appellate Defender, and Barbara M. Anderson and Patricia R. Lapointe, Asst. State Appellate Defenders, for defendant-appellant.

Thomas J. Miller, Atty. Gen., Amy M. Anderson, Asst. Atty. Gen., and William E. Davis, County Atty., for plaintiff-appellee.

Considered by OXBERGER, C.J., and SCHLEGEL and SACKETT, JJ.

SACKETT, Judge.

Defendant-appellant Melvin Ballew appeals his conviction, upon a jury verdict, of two counts of possession with intent to deliver a controlled substance, in violation of Iowa Code section 204.401(1)(a) (1987). As we are confronted with the alleged violation of defendant's constitutional rights, our review is de novo. *State v. Hilleshiem,* 291 N.W.2d 314, 316 (Iowa 1980). We affirm the trial court decision.

In early 1988 Davenport police conducted an investigation of the sale of controlled substances at a trailer house in Davenport. One evening, an unidentified police informant purchased a controlled substance in the trailer. Once the purchase was made, police obtained a search warrant for the trailer. After the warrant was signed, but before police could enter the trailer, defendant exited the trailer and drove away in his car. Police stopped defendant a short time later and informed him that they had a warrant to search the trailer he had just left and that the warrant also included his vehicle and his person. Upon searching defendant, police discovered cocaine, heroin, a syringe, and notes indicating drug sales. The police then arrested defendant and proceeded to search his car. There they found syringes and other drug paraphernalia.

Defendant was charged with possession with intent to deliver heroin, possession with intent to deliver cocaine, and conspiracy to either deliver or possess with intent to deliver heroin and cocaine. He filed a motion to suppress evidence found under the search warrant. The trial court denied this motion after a hearing. At that hearing, the State agreed to consolidate the conspiracy count with the two counts of possession. After a jury returned guilty verdicts on those two counts, defendant filed a motion in arrest of judgment and for a new trial. The trial court denied that motion and sentenced defendant to two years probation, after suspending two concurrent ten-year indeterminate terms of imprisonment.

▪ Defendant contends the trial court erred in overruling his motion to suppress evidence. He first argues that the warrant was overbroad in describing the vehicles to be searched. The warrant stated that there was probable cause to believe controlled substances were present at the trailer home and in "any vehicles at the property under the control of the occupants." Defendant contends there was no probable cause for a search of the vehicles at the premises.

▪ To show probable cause for the issuance of a search warrant for a particular place, the person requesting the warrant must establish by reasonable inference that there is a nexus between the place to be searched and the items to be seized. *State v. Leto,* 305 N.W.2d 482, 486 (Iowa 1981). The nexus can be established by considering the nature of the crime and the items to be seized, the defendant's opportunity for concealing these items, and normal inference about where such items might be concealed. *State v. Groff,* 323 N.W.2d 204, 212 (Iowa 1982). "[D]irect observation is not required." *Id.*

We find the judge reasonably could have inferred from the facts provided in the affidavit that contraband property may have been in vehicles driven by those present in the mobile home. Probable cause existed to search these vehicles. *Groff*, 323 N.W.2d at 212; *Leto*, 305 N.W.2d at 485–86; *see Everroad v. State*, 442 N.E.2d 994, 1005 (Ind.1982) ("Because the facts in the affidavit supported inferences that drugs were being transported in and out of the premises for purposes of sale by the appellants, it was reasonable to search the vehicles as well as the residence."); *State v. Frye*, 26 Wash.App. 276, 281, 613 P.2d 152, 156 (1980) ("There was probable cause to believe that defendant dealt in illegal drugs, and it was not unreasonable to infer that his cache may be his automobile.").

██ Defendant next contends the warrant did not apply to his car because he was not an occupant of the trailer. He contends the trial court should have granted his motion to suppress evidence because at the time the warrant was issued and his car was stopped, the police had no probable cause to believe he was an occupant of the trailer. One of the police officers involved with the investigation and surveillance of the trailer testified that prior to the execution of the warrant, the police believed defendant and another man were the regular occupants of the trailer. Defendant offers no evidence as to why we should find this belief to be an unreasonable one. We find that the search warrant gave the police authority to search defendant's car as a vehicle under the control of the trailer's occupants.

██ Defendant's last contention is that the warrant did not authorize a search of his person. We find it unnecessary to address this argument, as we find the search of defendant was incident to a valid arrest. The United States Supreme Court has held that a search may precede an arrest when the fruits of the search are not necessary to support probable cause for the arrest. *Rawlings v. Kentucky*, 448 U.S. 98, 111 & n. 6, 100 S.Ct. 2556, 2564 & n. 6, 65 L.Ed.2d 633, 645–46 & n. 6 (1980); *see also State v.*

*Harvey*, 242 N.W.2d 330, 339 (Iowa 1976) (if probable cause to arrest existed prior to search, evidence seized in search is admissible even though arrest followed search). We find the police had probable cause to arrest defendant before his vehicle was stopped.

The facts surrounding the arrest were sufficient for the arresting officer to form a particularized and objective basis for suspecting that defendant was engaged in criminal activity. *See State v. Gregory*, 327 N.W.2d 218, 220 (Iowa 1982), *cert. denied*, 464 U.S. 833, 104 S.Ct. 115, 78 L.Ed.2d 115 (1983); *State v. Shane*, 255 N.W.2d 324, 326 (Iowa 1977). A police informant had just purchased drugs from a man inside what was believed to be defendant's residence. Police had received an anonymous tip earlier in the day that the residents of the trailer were dealing drugs. Defendant had left the trailer just after the informant made the purchase, and the informant told police there were still narcotics in the residence when the informant left. Police also had intelligence information dating back to 1979 indicating that defendant's alleged roommate was a drug dealer.

We find the facts known to the police before they stopped defendant were sufficient for the police to reasonably believe defendant was engaging in criminal activity, and thus the police had probable cause to arrest defendant before his vehicle was stopped. The search of defendant was incident to a valid arrest. The trial court did not err in denying defendant's motion to suppress evidence.

The decision of the trial court is affirmed.

AFFIRMED.