[No. 16559-7-II.    Division Two.    January 10, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. MORISIO
CHAVEZ RIVERA, *Appellant*.

*E. Allen Walker* and *Walker Bradshaw P.S.*, for appellant.

*John Ladenburg, Prosecuting Attorney*, and *Thomas C. Roberts, Deputy*, for respondent.

PETRICH, J.* — Morisio Chavez Rivera appeals from his conviction of possession of cocaine with intent to deliver, RCW 69.50.401(a)(1)(i). He claims that the search warrant used to search and gather evidence from his vehicle failed to satisfy the Fourth Amendment's prescription of particularity. Thus, he assigns error to the trial court's denial of his motion to suppress the seized contraband.[1]

On August 14, 1992, the Tacoma Police Department obtained a warrant to search a residence identified as 2003 221st Street Court East 5, in Forest Glen Mobile Estates located within Pierce County, Washington. The warrant also authorized the search of residents thereof known as Dorothy A. Earl, a.k.a. Dorothy A. Steadman, and a white female known only as Joy, "as well as any other persons present, departing, and arriving [at] the residence at the time the warrant is being served". The warrant further provided that the search "include the full curt[i]lage of the described residence, as well as any vehicles on the property at the time the warrant is being served".

The unchallenged findings of fact of the suppression hearing, verities on appeal, *State v. Christian*, 95 Wn.2d

---

*Judge John A. Petrich is serving as a judge pro tempore for the Court of Appeals pursuant to CAR 21(c).

[1]Rivera does not challenge the search under any provision of the State Constitution.

655, 656, 628 P.2d 806 (1981), reveal the following scenario pertinent to this appeal.

After the warrant was issued and prior to its execution, the police maintained surveillance of the residence, during which they observed Rivera drive up in a white T-Bird automobile, leave the car, and enter the residence. About 2 hours later, when the police raid team moved in to serve the warrant, Rivera and a companion emerged. Rivera entered the driver's seat of a T-Bird automobile and his companion assumed the passenger seat. Rivera backed down the driveway, but his progress was blocked by the police raid van. After Rivera refused to get out of his vehicle, the police physically removed him, placed him on the ground, handcuffed him, and escorted him to the residence where he was advised of his *Miranda*[2] rights. The police read the search warrant to Rivera and then searched his vehicle, seizing 38.6 grams of powder cocaine in individual baggies hidden in a twist-top safe, designed to appear like a Coca-Cola can. The police also seized a pager located on the front seat, and in a followup search of his person, $240 in cash.

The issue presented is whether a warrant authorizing the search of any vehicle on described premises and its curtilage satisfies the particularity requirements of the Fourth Amendment so as to allow the search of a visitor's automobile, when neither the visitor nor his vehicle is identified in the search warrant. Here, the particularity requirements of the Fourth Amendment were not satisfied. Thus, the trial court erred in refusing to suppress the seized contraband. We reverse.[3]

---

[2] *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966).

[3] Rivera, citing *State v. Broadnax*, 98 Wn.2d 289, 654 P.2d 96 (1982), *State v. Worth*, 37 Wn. App. 889, 683 P.2d 622 (1984), and *State v. Rollie M.*, 41 Wn. App. 55, 701 P.2d 1123 (1985), argues that a specific warrant to search premises cannot be converted into a general one to search individuals found thereon, thus challenging the search of his person and the seizure of the $240. However, Rivera's person was not searched pursuant to the warrant. He was detained during the execution of the warrant and his arrest resulted from the discovery of cocaine in his car. *See Michigan v. Summers*, 452 U.S. 692, 69 L. Ed. 2d 340, 101

■ The Fourth Amendment's right of privacy is enforceable against the States through the due process clause of the Fourteenth Amendment. The same sanctions for violations of this right, *i.e.*, the exclusion of improperly seized evidence, as is used against the federal government applies to the states. *Mapp v. Ohio*, 367 U.S. 643, 655, 6 L. Ed. 2d 1081, 81 S. Ct. 1684, 84 A.L.R.2d 933 (1961). The Fourth Amendment provides:

> The right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and *particularly describing the place to be searched*, and the persons or *things to be seized*.

(Italics ours.)

■ This amendment requires that prior to a search under a warrant, a magistrate or judge must first determine that probable cause exists for the search and the warrant must particularly describe the "place to be searched and the persons or things to be seized". *Marron v. United States*, 275 U.S. 192, 195, 72 L. Ed. 231, 48 S. Ct. 74 (1927); *State v. Worth*, 37 Wn. App. 889, 683 P.2d 622 (1984). This particularity requirement was designed to circumvent the abuse inherent in the writ of assistance to revenue officers commonly used in colonial times, allowing general searches, by empowering them in their discretion to search suspected places for smuggled goods.

> The requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be taken, nothing is left to the discretion of the officer executing the warrant.

*Marron*, at 196.

---

S. Ct. 2587 (1981) (occupant of premises may be detained during execution of a valid search warrant).

Rivera does not argue that the police cannot detain the driver of a vehicle during the course of the vehicle search pursuant to a valid warrant. Thus, the critical issue is the validity of the vehicle search. If that search was proper, the discovery of the contraband gives probable cause to arrest him and conduct a search of his person incident to that arrest. *State v. Stroud*, 106 Wn.2d 144, 720 P.2d 436 (1986).

The amendment's requirement of particularity describing the place to be searched is equally important in controlling general searches. The amendment's requirements of probable cause and particularity in describing places to be searched and persons or things to be seized are inextricably interwoven. *State v. Perrone*, 119 Wn.2d 538, 545, 834 P.2d 611 (1992). The particularity requirement of the amendment has as one of its purposes the avoidance of warrants issued on loose, vague or doubtful bases of fact. *Perrone*, at 545 (citing 2 Wayne R. LaFave, *Search and Seizure* § 4.6(a), at 234-36 (2d ed. 1987)). By intertwining the requirement of probable cause and particularity in describing the place to be searched and items to be seized the clear mandate is that there must be probable cause that the described items to be seized are connected with criminal activity and that they are located in the place to be searched.

All unreasonable searches and seizures are proscribed by the Fourth Amendment and any search conducted outside the judicial process without prior approval by judge or magistrate is per se unreasonable. This principle is subject only to a few specifically established and well delineated exceptions. *Katz v. United States*, 389 U.S. 347, 357, 19 L. Ed. 2d 576, 88 S. Ct. 507 (1967).[4] The issuing judge's determination of probable cause is entitled to great deference by reviewing courts. *Jones v. United States*, 362 U.S. 257, 270-71, 4 L. Ed. 2d 697, 80 S. Ct. 725, 78 A.L.R.2d 233 (1960); *State v. Seagull*, 95 Wn.2d 898, 632 P.2d 44 (1981). However, "[s]uspicion, belief and guess alone are not enough. If the affidavit contains none of the underlying facts or circumstances from which the magistrate can find probable cause and is no more than a declaration of suspicion and belief, it is legally insufficient." *State v. Patterson*, 83 Wn.2d 49, 52, 515 P.2d 496 (1973).

---

[4]One of the delineated exceptions, on which the State does not rely, is the warrantless search of an automobile where there is probable cause to believe it contains contraband justified by the exigency of the vehicle's mobility. *Carroll v. United States*, 267 U.S. 132, 69 L. Ed. 543, 45 S. Ct. 280, 39 A.L.R. 790 (1925). *See also United States v. Ross*, 456 U.S. 798, 72 L. Ed. 2d 572, 102 S. Ct. 2157 (1982) (defines the scope of the warrantless search of the automobile).

■ The intertwining of the concepts of particularity and probable cause provides a convenient framework to assess the presence or absence of probable cause in any search. Within this framework, it is readily apparent here that the issuing judge lacked probable cause to search Rivera or his vehicle. The affidavit does not identify Rivera by name or description. Neither does it identify the vehicle by license number or description. The issuing judge had absolutely no knowledge of the existence of Rivera or his vehicle, let alone any knowledge of Rivera's criminal activity or the use of his vehicle in a criminal enterprise. Similarly, the police had no knowledge of Rivera's existence or of his automobile until after the issuance of the warrant.

The affidavit in support of the warrant does describe, in great detail, activity of numerous drug transactions taking place on the described premises. It also describes arrivals and departures of various unidentified individuals using unidentified vehicles for the purchase or delivery of drugs. But nowhere is found a recital that Rivera or his vehicle was observed engaging in such conduct. It is obvious that in light of the extensive activity taking place at the described residence, a visitor's presence on the premises raises the suspicion that he or she is engaged in criminal activity. However, suspicion alone does not rise to the required standard of probable cause.

In *Ybarra v. Illinois*, 444 U.S. 85, 62 L. Ed. 2d 238, 100 S. Ct. 338 (1979), the Supreme Court rejected the argument presented by the State of Illinois that the Fourth and Fourteenth Amendments should be construed so as to allow evidence searches of persons who, at the commencement of the search, are on "compact" premises subject to a search warrant, at least where the police have a " 'reasonable belief' that such persons" are connected with drug trafficking and may be concealing or carrying away contraband. *Ybarra*, at 94. The Court adhered to the principle that individualized probable cause is a prerequisite to an evidence search of any person on the premises. *Ybarra*, at 94. We are satisfied that the principle applies equally to the search of an automobile

located on the premises to be searched. Here, individualized probable cause was lacking to justify the search of an unidentified visitor's vehicle coming on to the premises during the execution of the search warrant.

The State's reliance on *State v. Huff*, 33 Wn. App. 304, 654 P.2d 1211 (1982) is misplaced. In *Huff*, the court upheld the search of an automobile owned by the occupant of the premises to be searched and located on the premises during the execution of a search warrant. The warrant authorized the search of the described premises "and all the buildings and outbuildings thereon, and all property real or personal situated on said described property". *Huff*, at 309. The court reasoned that an owner's automobile, located on the premises, was personal property and was subject to a search under the warrant. *State v. Frye*, 26 Wn. App. 276, 281, 613 P.2d 152 (not unreasonable to infer one dealing in illegal drugs would store his cache in his automobile located on his premises), *review denied*, 94 Wn.2d 1008 (1980); *State v. Claflin*, 38 Wn. App. 847, 853, 690 P.2d 1186 (1984) (a search warrant authorizing search of defendant's house and premises includes search of his car located on the premises), *review denied*, 103 Wn.2d 1014 (1985).[5] Rivera did not own

---

[5]A noted commentator questioning the wisdom of extending the search to vehicles on the premises urges that such practice should be limited to vehicles under control of the owner of the searched premises.

It has often been held that a search warrant authorizing the search of certain premises covers automobiles found on those premises. The assumption seems to be that a vehicle should be viewed in the same way as any other personal effects found on the described premises. It is said, for example, that "it is no more necessary to describe a car on the premises than it would be to describe any other item of personal property in which the liquor might be stored." But the analogy is less than perfect. Certainly a vehicle, even one parked in a garage, has a lesser connection with the premises than "desks, cabinets, closets and similar items," and thus one might question whether a showing of probable cause as to certain premises should inevitably be deemed to cover a vehicle (even of the occupant) which happens to be parked on the property at the time the warrant is served. . . .

. . . [T]he conclusion that a description of premises covers vehicles parked thereon should at least be limited to vehicles under the control of the person whose premises are described. . . .

(Footnotes omitted.) 2 Wayne R. LaFave, *Search and Seizure* § 4.10(c), at 322-23 (2d ed. 1987).

or control the premises authorized to be searched. Thus, the search of his car cannot be justified under the rationale of *Huff* and other similar cases.

In our research for this case, we revisited this court's opinion in *State v. Frye, supra.* There, the defendant assigned error to the court's denial of his motion to suppress evidence seized from his automobile parked at his residence. After finding the search justified under the rationale of *Huff*,[6] this court went on to consider a challenge to the search warrant which authorized the officers to search defendant's residence "and any vehicles or persons found at that address" on the grounds that the warrant did not satisfy the particularity requirements of the Fourth Amendment. *Frye*, at 280. This court concluded that the requirement of particularity was satisfied "[b]ecause the warrant specifically referred to persons and vehicles found at defendant's residence". *Frye*, at 282.

Such a holding was unnecessary since the court already had concluded that the search of the automobile was justified because it was a likely repository of drugs for the owner of the premises. Thus, to the extent that *Frye* suggests that the particularity requirements of the Fourth Amendment are satisfied where a warrant authorizes the search of unidentified vehicles located on certain premises, and such vehicles are unrelated to the occupant of the premises, its holding is overruled.

Reversed and remanded for further proceedings.

HOUGHTON, A.C.J., and BRIDGEWATER, J., concur.

---

[6]"There was probable cause to believe that defendant dealt in illegal drugs, and it was not unreasonable to infer that his cache might be his automobile." *Frye*, 26 Wn. App. at 281.